IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTEZ LAMAR FULLER,
Inmate #07615-025,

Plaintiff,

vs.

USA,

Defendant.                                            Case No. 12-cv-1158-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Pending before the Court is plaintiff Montez Lamar Fuller's motion for jury trial and to state claim against Freds Towing Inc. & USA (Doc. 11). Plaintiff seeks to add a claim of "prosecution misconduct" against the government and a "claim of liability for YUKON against Freds Towing INC." For the reasons stated below, plaintiff's motion is **DENIED** (Doc. 11).

Obviously, plaintiff seeks to amend his complaint. However, he has chosen an improper vehicle to enable such amendment. The instant action amounts to a complaint against the government for return of property pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 41(g). Should plaintiff choose to amend his complaint to add additional claims and parties, he must follow the FEDERAL RULES OF CIVIL PROCEDURE, in addition to the LOCAL RULES of this Court.

Plaintiff is advised that any proposed amendments or supplements to his complaint must be properly filed as a motion for leave to amend pursuant to

Page **1** of **2**

FEDERAL RULE OF CIVIL PROCEDURE 15(a) or (d).   In addition, pursuant to

SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 15.1, the proposed amended pleading

must be submitted at the time the motion to amend is filed. To avoid confusion

over intended claims and parties, the Court will not accept piecemeal

amendments to the original complaint. Thus, the proposed amended complaint

must state *all* of plaintiff's alleged theories of liability against *each* proposed

defendant alleging the facts which give rise to the case against them. Additionally,

should the Court allow the filing of an amended pleading, plaintiff is advised that

the amended complaint shall supersede and replace the original complaint. *See*

*Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir.

2004).

Finally, plaintiff's instant motion requests that the Court send a copy of his

complaint to Freds Towing because he does not know the address of Freds

Towing. Plaintiff is advised that the Court is not tasked with independently

researching plaintiff's allegations or the whereabouts of proposed defendants. To

reiterate, the Court shall not investigate the correct address of Freds Towing, as

this is solely plaintiff's responsibility. Thus, for the reasons stated above,

plaintiff's motion for jury trial and to state claim against Freds Towing Inc. & USA

is **DENIED without prejudice** (Doc. 11).

**IT IS SO ORDERED.**

Signed this 4th day of December, 2012.

David R. Herndon
2012.12.04
15:05:04 -06'00'

**Chief Judge**
**United States District Court**

Page **2** of **2**