IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTEZ LAMAR FULLER,
Inmate #07615-025,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.                                              Case No. 12-cv-1158-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is defendant's motion to dismiss plaintiff's complaint, or, in the alternative, motion for judgment on the pleadings (Doc. 18). This action began as a Rule 41(g) motion filed in plaintiff Montez Lamar Fuller's criminal case. *See United States v. Fuller,* 06-cr-30117-DRH (Doc. 467). However, in determining plaintiff's motion should proceed as a new civil case, the Court construed plaintiff's motion as a civil complaint. *See United States v. Norwood,* 602 F.3d 693, 695 (7th Cir. 2004).

Plaintiff requests the return of a 1995 Yukon previously forfeited from him and that $4,100.00 seized from him either be returned or applied towards his outstanding restitution judgment in his criminal case. The government's motion to dismiss argues plaintiff's pleading is deficient in many respects and does not state

a cause of action (Docs. 18, 19) (filed under seal). Plaintiff's response to the government's motion was due on or before March 18, 2013. To date, plaintiff has not responded to the government's motion. Pursuant to LOCAL RULE 7.1(c), the Court deems plaintiff's failure to respond as an admission of the merits of the government's motion. *See* SDIL-LR 7.1(c). Accordingly, the government's motion is **GRANTED** (Doc. 18). Thus, plaintiff's complaint is **DISMISSED without prejudice** for failure to respond to the government's motion and prosecute this action.

**IT IS SO ORDERED.**

Signed this 3rd day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.03 15:04:53 -05'00'

**Chief Judge**
**United States District Court**